**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2143
_____

LASHAWN D. FITCH,
                                        Appellant

v.

VICTORIA L. KUHN, Acting Commissioner, individually and her official capacity;
RAYMOND ROYCE, Administrator, individually and his official capacity;
MAJOR CRAIG SEARS, individually and his official capacity;
LT. MICHAEL CRAWFORD, individually and his official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-22-cv-05884)
District Judge: Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on October 10, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 28, 2024)
_____

_____

OPINION*

_____

PER CURIAM

Pro se Appellant LaShawn D. Fitch, a New Jersey state prisoner proceeding in forma pauperis, appeals from the District Court's order dismissing this action under 42 U.S.C. § 1983. Because the appeal does not present a substantial question, we will summarily affirm.

I.

Fitch is incarcerated at the New Jersey State Prison. He filed a complaint against the Acting Commissioner of the New Jersey Department of Corrections and various other correctional officials arising from the conditions of his confinement during the COVID-19 pandemic. Fitch alleged that, from late 2021 to early 2022, there was a rise in the number of COVID-19 cases at the prison. Fitch contracted the virus during that time and suffered some symptoms such as shortness of breath, loss of smell and taste, and anxiety. Fitch's complaint acknowledged that the state and the prison took many steps to mitigate the risks posed by the virus, including testing inmates and staff, quarantining infected inmates, sanitizing cell blocks, limiting movements in common areas, and providing masks. However, Fitch alleged that some of these measures changed in late 2021, as some staff were permitted to work without masks, and given the rise in the number of cases, quarantine rules were

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

changed such that infected inmates could no longer be transferred out. Fitch alleged that these changes caused him to contract the virus and violated his Eighth Amendment rights.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim. Fitch then filed an amended complaint which raised essentially the same allegations but added an allegation that the nurse who had tested Fitch for the virus failed to provide sufficient treatment for his symptoms. The District Court screened the amended complaint and dismissed it for failure to state a claim. This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review of the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). We may summarily affirm a district court's order if the appeal fails to present a

---

[1] The District Court dismissed Fitch's amended complaint without prejudice. Although we generally lack jurisdiction to review an order that dismisses claims without prejudice, we have jurisdiction here because Fitch has indicated that he does not wish to amend and instead intends to stand on his amended complaint. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam) ("[A]n order which dismisses a complaint without prejudice is neither final nor appealable" unless "the plaintiff cannot amend or declares his intention to stand on his complaint."); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992).

substantial question. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

To state an Eighth Amendment claim, a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm and that the defendant was deliberately indifferent to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020). Deliberate indifference requires that a defendant knew of and disregarded an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 837. Prison officials who knew of a substantial risk of harm are not liable "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Here, we agree with the District Court's determination that Fitch failed to state a plausible claim against the named defendants. We have recognized that COVID-19 "poses unique risks in population-dense prison facilities." *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020). The District Court properly emphasized the system-wide and prison-specific mitigation efforts detailed on the face of Fitch's amended complaint. Again, the measures included testing inmates and staff, quarantining infected inmates, sanitizing cell blocks, limiting movements in common areas, and providing masks. In light of these measures, and the unprecedented and evolving conditions during the pandemic, Fitch did not plausibly allege that prison officials disregarded an excessive risk of harm. *Cf. Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (stating that the "failure to

eliminate all risk" of contracting COVID-19 in immigration detention did not establish deliberate indifference).

To the extent that Fitch alleged that an unspecified nurse, who was not named as a defendant, failed to provide sufficient medical care, Fitch has failed to state a claim that the defendants were deliberately indifferent to his medical needs. Specifically, Fitch has failed to allege that any named defendant was personally involved in the alleged constitutional violation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, because Fitch alleged that he was regularly seen by the nurse and provided with some treatment, his amended complaint fails to allege more than "mere disagreement as to the proper medical treatment," which "does not support a claim of an eighth amendment violation." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (cleaned up).

Accordingly, we will affirm the judgment of the District Court.